KENNETH B. GRIMES (#6555)
ATTORNEY FOR PLAINTIFF
480 EAST 400 SOUTH, SUITE 203
SALT LAKE CITY, UTAH 84101
(801) 359-4212 PHONE
(801) 428-1025 FACSIMILE

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ANDY ANDERSON, RICHARD THORN, ROSS WILLIAMS, KEVIN COTE, GEORG ERICHSON, DIANE LEWIS and BRANDIE MORRIS, as TRUSTEES OF THE UTAH LABORERS HEALTH & WELFARE TRUST FUND; UTAH LABORERS ANNUITY TRUST FUND; LABORERS VACATION TRUST FUND OF UTAH; UTAH LABORERS TRAINING FUND; LABORERS LECET & NATIONAL HEALTH & SAFETY FUND; LABORERS ENGINEERING & UTILITY CONTRACTORS ASSOCIATION FUND; UTAH LABORERS CONTRACT ADMIN-ISTRATION FUND; and LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL UNION NO. 295, <br><br>       Plaintiffs, <br>       *-v-* <br><br> NICHOLSON CONSTRUCTION COMPANY and DOES I and II, <br><br>       Defendants. | COMPLAINT <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> Cause No. _____ <br><br> Judge: |

The above-named Plaintiffs, by and through their undersigned attorney,

complain of Defendants and allege as follows:

## PARTIES AND JURISDICTION

1. Plaintiffs Andy Anderson, Richard Thorn, Ross Williams, Kevin Cote, Georg Erichson, Diane Lewis, and Brandie Morris are Trustees of the Utah Laborers Health & Welfare Trust Fund and the Utah Laborers Annuity Fund. Said Trustees are fiduciaries within the meaning of such term as used in the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. Section 1001, et. seq.

2. The Plaintiffs Utah Laborers Health & Welfare Trust Fund and Utah Laborers Annuity Trust Fund ("Trust Funds") are Employee Benefit Plans within the meaning of Section 3(1), (2) and (3) of ERISA, 29 U.S.C. Section 1002(1), (2) and (3) and Section 502 of ERISA, 29 U.S.C. Section 1132.

3. This action is brought by the above-named Trustees, as fiduciaries of the Trust Funds, to compel an employer payroll audit of the Defendant and to collect delinquent contributions, interest and liquidated damages in accordance with the terms and provisions of a Collective Bargaining Agreement entered into between Plaintiffs and Defendants.

4. The Plaintiff Trust Funds are administered within Salt Lake County, State of Utah.

5. Plaintiffs Laborers Vacation Trust Fund of Utah, Utah Laborers Training Fund, Laborers LECET & National Health & Safety Fund, and Laborers Engineering &

Utility Contractors Association Contract Administration Fund are separate legal entities established pursuant to the terms of certain Labor Agreements and Trust Agreements to which Plaintiffs and Defendants are signatory as alleged herein.

6. Plaintiff Laborers' International Union of North America, Local Union No. 295 ("Local Union No. 295"), is a labor organization within the meaning of 29 U.S.C. Section 152(5), with its principal place of business located in Salt Lake County, Utah. Local Union No. 295 represents union members in Collective Bargaining Agreements with signatory employers operating and working within the State of Utah.

7. The Defendant Nicholson Construction Company ("Nicholson Construction") is a Pennsylvania corporation with its principal place of business located in Canonsburg, Pennsylvania.

8. Defendant is an "Employer" within the meaning of such term as used is Section 3(6) of ERISA, 29 U.S.C. Section 1002(6), that employs, or has employed employees as defined in Section 3(6) of ERISA.

9. The names and identities of Does Defendants I and II are currently unknown to Plaintiffs, who therefore sue said Defendants in such fictitious capacity. Upon information and belief, each of the Doe Defendants named herein is in a principle and/or agent relationship with Defendant Nicholson Construction, and is liable for the relief requested herein by Plaintiffs.

10. The acts alleged herein occurred within Salt Lake County, State of Utah.

11. The Plaintiff Trust Funds are entitled to maintain this action, and jurisdiction and venue are proper by virtue of Section 502 of ERISA, 29 U.S.C. Section 1132(e)(2), which provides:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

## GENERAL ALLEGATIONS

12. Prior to November 1, 2012, Defendants entered into a Collective Bargaining Agreement ("CBA") with Local Union No. 295.

13. Under the terms of the CBA, Defendants were, and are, obligated to submit monthly employer reports, and to pay contributions to Plaintiffs for each hour of covered work performed by employees of Defendants.

14. Under the terms of the CBA, Defendants were, and are, obligated to permit Plaintiffs to perform a payroll compliance audit of their business and employment records. Defendants are also obligated to cooperate with such audit, by allowing access to their records by the auditor and providing the auditor with the information necessary to complete the audit.

15. Written demand has been served by Plaintiffs upon Defendants for cooperation in performing an audit. However, Defendants have failed or refused to fully cooperate with the audit.

## FIRST CAUSE OF ACTION

### (Audit and Injunctive Relief)

16. All allegations of this Complaint are incorporated herein as if fully set forth.

17. Pursuant to the terms of the Agreement between the parties, Plaintiffs are entitled to conduct an audit of Defendants' business and employment records, in order to determine Defendants' compliance with its obligation to pay contributions to Plaintiffs.

18. Plaintiffs are entitled to an Order of the Court requiring that Defendants cooperate with said audit to determine the amount of contributions, if any, that are owed by Defendants for the period of November 1, 2012 through the present, and requiring that Defendants submit full and timely employer contribution reports in the future.

19. Plaintiffs are entitled to an award of their reasonable court costs, attorneys' fees, and audit fees, incurred in connection with said audit.

## SECOND CAUSE OF ACTION
### (Delinquent Contributions)

20. All allegations of this Complaint are incorporated herein as if fully set forth.

21. Defendants are required to pay to Plaintiffs any contributions that are determined to be due and owing by said audit pursuant to the parties' Agreement and 29 U.S.C. Section 1145 of ERISA.

22. Pursuant to 29 U.S.C. Section 1132(g)(2), Plaintiffs are entitled to a judgment against Defendants for:

    (a)    The unpaid contributions;

    (b)    Interest on the unpaid contributions;

    (c)    An amount equal to the greater of:

        (i)    Interest on the unpaid contributions, or

        (ii)    Liquidated damages as set forth within the parties' Agreement.

    (d)    Reasonable attorneys' fees and costs of suit.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For an Order requiring that Defendants cooperate with an audit of their business and employment records for the period of November 1, 2012 to the present, in order to determine the amount of contributions that are owed to Plaintiffs by Defendants, if any, and requiring that Defendants submit full and timely employer reports in the future.

2. For all unpaid contributions, in an amount to be determined through an audit of Defendants' business and employment records.

3. For interest as allowed by law.

    4.       For liquidated damages as allowed by law.

    5.       For Plaintiffs' reasonable audit fees, attorneys' fees and court costs.

    6.       For such further relief as the Court deems just in the premises.

DATED this 29th day of August, 2016.

                                          /s/Kenneth B. Grimes
                                          Kenneth B. Grimes
                                          Attorney for Plaintiff

Plaintiff's Address:
480 East 400 South, Suite 203
Salt Lake City, Utah   84101